19-2943-cv
*Jordan v. New York State Dep't of Labor*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand twenty.

PRESENT:   RALPH K. WINTER,
           GUIDO CALABRESI,
           DENNY CHIN,
                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JANESSA JORDAN,

               *Plaintiff-Appellant*,

        v.                                                    19-2943-cv

NEW YORK STATE DEPARTMENT OF
LABOR,

               *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          Janessa Jordan, *pro se*, New York, New York.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Janessa Jordan, *pro se*, sued the New York State Department of Labor ("NYSDOL") alleging that an NYSDOL employee unlawfully adjusted her unemployment benefits claim which apparently resulted in her having to repay the agency $9,315. Her complaint did not specify a cause of action or statute under which she was suing, and this information was unclear from her complaint. The district court *sua sponte* dismissed the complaint as frivolous because NYSDOL was immune from suit under the Eleventh Amendment, and it denied leave to amend the complaint as futile. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.    *Forfeiture*

We liberally construe *pro se* pleadings and briefs to raise the strongest arguments that they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). *Pro se* appellants, however, must still comply with Fed. R. App. P. 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Accordingly, we "normally will not[ ] decide issues that a party fails to raise in his or her appellate

-2-

brief."   *Id.*; *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").   Jordan forfeited a challenge to the district court's rulings that NYSDOL was immune from suit and that amending her complaint would be futile by failing to address these determinations in her brief.

## II.    Sua Sponte *Dismissal*

Were we to reach the merits of the district court's decision, we would conclude it did not err.   District courts have the inherent power to *sua sponte* dismiss a complaint as frivolous, even where, as here, the plaintiff has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000).   Although we have not determined whether a district court's *sua sponte* dismissal of a complaint as frivolous is reviewed *de novo* or for abuse of discretion, the district court's determination here "easily passes muster under the more rigorous *de novo* review."   *Id.* at 364 n.2.

A complaint is frivolous when "(1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir 1998) (internal quotation marks omitted).   One example of a claim "based on an indisputably meritless legal theory" is a claim against a "defendant[ that is] immune from suit."   *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The district court correctly held that NYSDOL is immune from suit under the Eleventh Amendment, which precludes suits against states and state agencies unless the state expressly waives its immunity or Congress abrogates that immunity. *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002); *see also Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015) ("The Eleventh Amendment generally bars suits in federal court by private individuals against non-consenting states."); *Burnette v. Carothers*, 192 F.3d 52, 57 (2d Cir. 1999) (noting that Eleventh Amendment immunity "extends to state agencies and to state officers who act on behalf of the state."). Congress has not abrogated New York's immunity against suit in this circumstance (particularly where Jordan has not sued under any ascertainable statute), nor has New York waived its immunity from suit. Accordingly, the district court did not err in *sua sponte* dismissing Jordan's complaint as frivolous as the NYSDOL is immune from suit. *See CSX Transp., Inc.*, 306 F.3d at 94-95. The district court also did not err in denying Jordan leave to amend her complaint. *Pro se* plaintiffs are generally afforded an opportunity to amend, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Here, amendment would have been futile because the NYSDOL is immune from suit.

*   *   *

-4-

We have considered Jordan's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court